IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

              Plaintiff,

     vs.                         **Case No. 11-40068-01-RDR**

TERRI L. MORRIS,

              Defendant.

_____

## O R D E R

This order is issued in response to the government's request to present opinion testimony pursuant to FED.R.EVID. 608(a) from two witnesses on rebuttal. The court shall permit the prosecution to present testimony from the witnesses identified by the government regarding their opinion of defendant's character for truthfulness or untruthfulness as permitted under Rule 608(a). Of course, before asking for such an opinion, the prosecution will need to lay a foundation to establish that the witness's familiarity with defendant is sufficient to form a reliable opinion.

The court would prefer that the prosecution <u>not</u> ask whether the witness would believe defendant's "testimony under oath" because the jury might infer that the witness had specific knowledge of defendant's testimony or was referring to a specific aspect of defendant's testimony. We acknowledge that this question was not considered error in <u>U.S. v. McMurray</u>, 20 F.3d 831, 834 (8th

Cir. 1994).  But, courts generally do not allow opinions regarding the credibility of specific witness testimony.  The general rule is that "whether particular testimony is true or believable (as opposed to whether the witness has a tendency to tell the truth) ordinarily is not a subject for expert opinion, because credibility is a jury question."  WEINSTEIN'S FEDERAL EVIDENCE § 608.13 at p. 28.  The court assumes the rule is the same for lay persons' opinions.  Furthermore, Rule 608(a) allows opinions as to "character for truthfulness or untruthfulness."  The rule does not expressly permit opinions as to credibility of testimony.

The court thinks the better practice is to ask the rebuttal witnesses if they have an opinion regarding defendant's character for truthfulness or untruthfulness and, if so, what the opinion is, or, whether the rebuttal witness would believe the defendant under oath.

The court will add a jury instruction based upon the Tenth Circuit pattern instructions to cover this testimony.

**IT IS SO ORDERED.**

Dated this 18th day of May, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge